PbabsoN, J.
 

 These two cases were heard at the same time, as they relate to the same tract of land. We are satisfied from the evidence, that Jones and Carland executed a written agreement to make partition of the land; Jones to have two parts out of eleven, and Carland nine parts ; that a dividing-line was accordingly run, and that the parties have held possession of their respective parts, in severalty, ever since.
 

 At the time of the partition, the parties did not execute deeds, and Jones now calls on Carland for a specific performance of the agreement to make partition, and the execution of the necessary title-deeds. To this, Carland replies, that he is not able to perform his part of the contract; for that he owns
 
 *505
 
 only seven parts, out of eleven, of the land; that his wife owns one part, and the other part belongs to the herirse at-law of Mrs. Lance, who died before he was able to procure the title, although her husband had given bond to make title. The excuse offered by Garland for not performing his part of the contract, comes with a very ill grace, after the parties have acted upon the contract, and been in possession under it, for so many years, and made expensive improvements. In
 
 Love
 
 v.
 
 Camp,
 
 6 Ire. Eq. Rep. 209, it was held by the Court, that if one entered into a contract to convey land, fraudulently representing himself to be the owner, and received the purchase-money, he could only relieve himself from a decree for a specific performance, by an averment and proof that he had made all reasonable exertions to procure the title, and was unable to do so.
 

 "Whether the principle of that case is aj^plicablc to the present one, we will not now decide ; because it is suggested that, by a decree for a partition in the case of
 
 Carland and wife
 
 v.
 
 Jones and
 
 others, the commissioners may, in their discretion, and with due regard to the rights of all the parties concerned, allot to Jones, the two parts of which he is now in possession, or allot them to Garland, so as to enable him to comply with his contract, and put an end to the controversy with Jones. The report of the clerk and master, as to whether the interest of the parties requires a sale of the land for partition, is not at all satisfactory, and we feel at liberty, therefore, to act upon the suggestion, and to order a partition of the land, to be made by commissioners, so as to give Jones two parts, Carland, in his own right, seven parts, Garland and wife, one part, and the heirs of Lance the other part.
 

 The case of Garland and Jones will be retained for further directions.
 

 The commissioners will be directed to accompany their report, with a full statement of facts, so as to enable the Court to decide, whether any prejudice will be sustained by the heirs of Lance, by the order for actual partition.
 

 Pee Oueiam. Decree accordingly.