JOHN COLLETT and others v. L. R. HENDERSON and others.

*Tenants in Common—Partition of Land.*

Upon partition of land among tenants in common, the tenant who has improved a part thereof is entitled to have it allotted to him at a valuation without regard to the improvements.

(*Pope* v. *Whitehead*, 68 N. C., 191, cited and approved.)

PROCEEDING for division of land between tenants in common, heard on appeal at Fall Term, 1878, of BURKE Superior Court, before *Gudger, J.*

Commissioners were appointed by the court and ordered to divide the land described in the pleadings into three equal parts, assessing the more valuable dividends with such sums as may be necessary to be paid to the dividends of inferior value to make the division equal ; and they were directed to assign to the tenants such shares in the land as would include the part improved by them respectively, valuing the share at what it would have been worth without the improvements, and to report their proceedings to court for further orders. From this judgment the defendants appealed.

No counsel for plaintiffs.
*Messrs. Bynum, Armfield* and *Bailey* for defendants.

SMITH, C. J. The judgment for partition among the several tenants of land held by them in common directs the commissioners, when any of them have caused valuable improvements to be put on portions of the land, to assess their value as if no such improvements had been made and to allot the parts improved to those who had made them. In this we find no error. It would be unjust and inequitable in the others to take the common property enhanced in

value by the expenditures of one of them without making him compensation, and he would be entitled to an account. The same result is reached without the expense and delay .of a reference, by allotting to such the improved parts, val-·ued without regard to the improvements. Such is the ·judgment in this case and it has the sanction of the ruling ·in *Pope* v. *Whitehead,* 68 N. C , 191.

As no statement of the case accompanies the transcript and no errors are assigned by the appellant, or are apparent in the record, according to the settled practice in this court the judgment must be affirmed, and it is so ordered.

No error.                    .                    Affirmed.