BOYDEN COX v. RILEY WARD.

*Partition—Tenants in Common—Possession—Color of Title— Evidence—Charge—Parol—Lapsed Devise.*

1. When a deed is offered in evidence, the Court can ordinarily entertain no objection to its introduction, except upon the ground that it has not been properly registered. It is usual to pass upon its relevancy and effect when all the testimony is before the Court.

2. Parol proof of purchase of land, and of parol agreement to allot a share thereof, are not admissible to establish title to land when the same is disputed and objection to such evidence is made.

3. Possession essential to establish color of title must be open, notorious, adverse and continuous for seven years.

4. Adverse possession discussed by AVERY, J.

5. When both parties claim under the same owner, it is not necessary to show title out of the State.

6. A devise to a child who died before the testator does not lapse, but, by force of our statute, goes to the issue of such deceased child.

7. Where the plaintiff declared for one undivided half, he can recover no more.

8. In a proceeding for partition, the commissioner should allot to any tenant the part he has improved, without taking the improvements into account.

This was a CIVIL ACTION, tried at Fall Term, 1890, of ALLEGHANY Superior Court, before *McCorkle, J.*

This action was for partition of lands, alleged by plaintiff to be held by him and defendant as tenants in constructive possession, each entitled to one individual half interest. The defendant denied plaintiff's title, and claimed sole seizin in himself and title under seven years' possession, with color of title, alleging that defendant claimed under one Alex. Osborne, who had long since sold to defendant.

The jury found that the plaintiff and defendant were tenants in common, each entitled to one-half the land in controversy.

Both parties claimed title under Moses Dixon, who devised to his four daughters, through one of whom (Drucy) Alex. Osborne inherited.

The other facts are set out in the opinion of the Court.

*Mr. R. A. Daughton,* for plaintiff.
*Messrs. A. E Holton* and *Q. F. Neal,* for defendant.

AVERY, J.: The plaintiff claimed title to one undivided half of the land in controversy, while the defendant denied

that plaintiff owned any interest, and set up sole seizin in himself. Both parties claim title through Moses Dixon, who died in 1857, having devised the land to Wesley Dixon and Preston Phipps, "to be sold and equally divided" between his daughters "Lydia, Drucy's heirs, Jane, Nancy and Polly Adeline." It was admitted, on the argument, that, in consequence of certain agreements among the devisees, the land was not sold by the executors, and was to be treated, for the purposes of this action, as land, not money.

Adeline died before the testator, without issue. Drucy's heirs were Felix Center and Andrew Center, who conveyed their interest in the land in dispute to P. C. Phipps during the year 1870, their deed being registered August 30th, 1870. Lydia married Felix Osborne, and she and her husband both died before 1861, leaving as their only issue and heir at law Alexander Osborne.

The plaintiff offered a deed from Alexander Osborne, conveying the land in controversy to himself, which was dated March 8th, 1888, and registered March 9th, 1888. The defendant objected to its introduction on the ground that it was irrelevant, unless the plaintiff could connect the title through other sources than the will of Moses Dixon, and, when the Court overruled his objection, excepted.

When a deed is offered in evidence the Court can, ordinarily, entertain no objection to its introduction, except upon the ground that it has not been properly proven and registered. Its relevancy and effect cannot, usually, be passed upon by the Court till all the testimony has been heard, and then a party can raise the question of relevancy by prayers for instruction. *Vickers* v. *Leigh*, 104 N. C., 260.

The plaintiff offered also another deed for the land in dispute from Preston Phipps and wife Jane (one of the devisees of Moses Dixon), and P. C. Preston (the bargainee of Felix and Andrew Center) and wife, conveying the

land to him (plaintiff), the conveyance being dated February, 1889, and registered July 4th, 1889. So that the plaintiff has submitted testimony tending to show that the undivided interests of three out of four of the devisees of Moses Dixon, viz.: Lydia, Jane, and Drucy's heirs (Adeline having died without issue before her father's death) had passed to him.

The defendant introduced, as evidence of title, the following paper-writing:

"ALLEGHANY COUNTY—State of North Carolina.

May 2d, 1872.

"An article of agreement between P. C. Phipps, of the first part, and Riley Ward, of the second part, in which the said P. C. Phipps makes a quit-claim deed to the part of the John Dixon tract of land lying north of the wagon road and a marked line, which was the division made by Riley Ward and Preston and Columbus Phipps    In testimony I witness my hand and seal." (Signed by H. L Phipps and P. C. Phipps).

The paper had been registered on the 2d of September, 1890, while the Court was in session. The defendant first proposed to testify that he purchased the land by parol from Alexander Osborne, and then proposed to offer proof of a division of the land, and an allotment to Alexander Osborne of his share of the same, by parol agreement. The plaintiff interposed objection to each of these propositions, which were sustained, and the defendant excepted.

Defendant then proposed to show, by his own testimony, that the purpose of the parol division was to allot to him the interest of Alex. Osborne in the Moses Dixon land. Objection by plaintiff. Objection sustained, and defendant excepted.

The testimony offered by the defendant, and which gave rise to the three exceptions, was too palpably incompetent as evidence of title to require discussion.  Counsel, on the argument, insisted that Alexander Osborne was not a party to the action, and the objection to parol proof could only come from him.  It is not necessary that he should be a party.  His interest passed to the plaintiff, who, being in privity with him, can insist on any objection or defence that he could make.  But our ruling rests upon broader grounds, being founded upon the familiar principle that no one can establish title to land in any action by oral evidence, if his title is in issue and objection is made to its competency. *Holler* v. *Richards*, 102 N. C., 545.

 The evidence upon which defendant relied to prove title in himself by possession under color was the following:

Defendant testified that he had had possession of the land about eighteen years; that his possession consisted of having a field fenced about two years; that he had occasionally cut timber on the land; that he had had a blockade still-house in the woods or swamp, and near the line of another tract— Marion Dixon's land.  There was no evidence as to how long he had the still-house on the land.  He further testified that he had paid Alex. Osborne $100 for his interest in the land, and took a receipt for the money; that the receipt was lost during the last Court; that the names of Osborne and wife were torn off the receipt; that the receipt had been in the possession of the defendant all the time until during this Court, when it was lost.  It was in evidence that the receipt read as follows: "Received of Riley Ward one hundred dollars for the Moses Dixon land."  The month and day were torn off, but the figures 1869 were under the receipt.

A. F. Phipps, a witness for the plaintiff, says that he had been well acquainted with the land for more than thirty years; that the defendant had a field fenced on the land for one or two years; that the defendant had cut and hauled off

some logs since this action began; that he saw a blockade distillery on the land at one time; that there was another possession on the land.

R. K. Finey, a witness for the plaintiff, testified that he lived on an adjoining farm and within three hundred yards of the land in dispute; that there was a blockade still-house in the swamp on this land, within six or eight feet of Marion Dixon's land, and that Marion Dixon stilled there, but that he never knew of anyone else doing so; that the still-house was made by a hole dug in the bank on the edge of the swamp, with a roof over the hole; he had known the place for the last six years; that defendant had no possession on the land during that time, but that he had cut some timber on the land within the last year. There was no evidence that the plaintiff, at the time of his purchase, had any knowledge of the title or claim of defendant.

If it were conceded that there was an ouster, and that the paper-writing introduced by the defendant was sufficient as color of title, it would not be necessary (as both parties admit that Moses Dixon was the owner of the land) to show title to it out of the State, but it would be essential to prove open, notorious, adverse and unequivocal possession under such color continuously for seven years before the action was brought. *Ruffin* v. *Overby*, 105 N. C., 83; *Mobley* v. *Griffin*, 104 N. C., 112. "The testimony must, if believed, show the continuity of the possession for the full statutory period in plain terms or by necessary implication. Nothing must be left to conjecture. Occasional acts of ownership, however clearly they may indicate a purpose to claim title and exercise dominion over the land, do not constitute a possession that will mature title." *Ruffin* v. *Overby, supra; Williams* v. *Wallace*, 78 N. C., 354; *Bartlett* v. *Simmons*, 4 Jones, 295; *Loftin* v. *Cobb*, 1 Jones, 406; *McLean* v. *Smith*, 106 N. C., 172. Cutting timber at intervals, as the defendant did, was not an assertion of title that continually exposed him to an action

during the statutory period, and his constant liability to be sued for possession is essential evidence of his right to claim the benefit of the statute. Cultivating a field on the land for two years of the eighteen would not be sufficient. If there had been proof that the " blockade still-house," which was made by digging a hole in the ground in the edge of a swamp, within six or eight feet of Marion Dixon's line, and covering the excavation with boards, was used for seven successive years by the defendant, it would have remained for the Court to determine whether such possession was open and notorious. But there is no evidence that the house was ever occupied by anyone except Marion Dixon, nor does it appear how long he operated the distillery, or whether he was holding under the defendant as his lessee or adversely to his title. If, therefore, the first paper offered, or even the receipt, had been available as color of title, and the ouster had been admitted, there was not sufficient evidence of the possession to go to the jury. The statement of the defendant that he had possession for eighteen years was but the expression by him of an erroneous opinion of what constituted possession in contemplation of law, as appears from his subsequent account of the specific acts tending to sustain his claim of continuous adverse occupancy.

His Honor properly instructed the jury that the devise to a child who died before the testator did not lapse, but, by force of the statute, went to the issue of such deceased child.

It is not necessary to take up and discuss the charge of the Court in detail. We see no reason for sustaining the defendant as to any error complained of.

The plaintiff claimed only one undivided half of the land, and could be declared the owner of no more. The defendant is not entitled to hold a particular part of the common property till the plaintiff compensates him for any improvement made on the land. This is a proceeding for partition, and

107—33

if one of the tenants in common should make it appear to the Court that he has made valuable improvements on any part of the land, the commissioners appointed to make the partition may be directed to assign to him the portion of the land so improved, and to assess its value as if no such improvements had been made. *Collett* v. *Henderson,* 80 N. C., 337; *Pope* v. *Whitehead,* 68 N. C., 191.

We must not be understood as holding that there was evidence sufficient to show an actual ouster of his co-tenant by the defendant. It is not necessary to pass upon that question, since, admitting for the sake of argument that there was an ouster, and that the defendant exhibited color of title, he has failed to prove *prima facie* continuous adverse possession for seven years.

There is no error.                                        Affirmed.