S. D. PIPKIN et al. v. J. W. PIPKIN.

*Proceedings for Partition—Tenants in Common—Improvements by One Tenant in Common—Report of Commissioners—Practice.*

1. In partition proceedings, where one tenant in common has improved a part of the land in good faith, he is entitled to have it allowed to him at a valuation made without regard to the improvement.

2. Where commissioners appointed in partition proceedings were ordered to report the evidence taken before them and their findings of fact failed to do so, it was error to confirm their report as to the division of the land, in the face of an exception thereto on the ground that they ignored the order of the court.

PROCEEDING for the partition of the land of Lewis Pipkin, deceased, heard, on appeal from the Clerk, before *McIver, J.*, at Spring Term, 1896, of HARNETT Superior Court. From a decree confirming the report of the commissioners, the defendant, J. W. Pipkin, appealed.

*Messrs. L. B. Chapin* and *F. P. Jones*, for plaintiff (appellant).
*Mr. W. E. Murchison*, for defendant.

MONTGOMERY, J.:    One of the numerous and complicated exceptions filed by the defendant, J. W. Pipkin, to the first report of the commissioners last appointed, which was overruled by the clerk—whose action was sustained by the judge presiding, at the August term of the Superior Court following—is meritorious, and ought to have been sustained.

The exception was made to the failure of the commissioners to allot to the defendant his share, that part of the real estate of his deceased father which the defendant had improved and made more valuable than the other part. It is well settled that in partition proceedings where one ten-

ant in common has improved a part of the land, he is not entitled to have it allotted to him at a valuation made without regard to the improvement. *Cox* v. *Ward*, 107 N. C., 507; *Collet* v. *Henderson*, 80 N. C., 337. Another exception was made by the defendant to the second report of the commissioners of date 5th of September, 1895, upon the hearing of which, on appeal from the clerk's decision, at the November term following, the judge presiding made an order that the matter be recommitted to the commissioners without prejudice, and that they report the evidence taken by them and their findings of fact to the court. The commissioners afterwards made a report under this order without the evidence or their findings of facts. The defendant excepted to the report because of the failure of the commissioners to obey the order of the court. The exception was overruled by his Honor and the entire action of the commissioners in reference to the partition of the land confirmed. There was error in this. The report of the commissioners showed upon its face a failure on their part to perform the duties required of them by the court's order. They reported no evidence, they found no facts; they simply recited conclusions.

The commissioners will be instructed by the court below to report (1) Whether or not the defendant has improved any particular part of the land held in common with the other parties to this proceeding, and if he has, why the same was not allotted to him in the partition. (2) The commissioners will be ordered also to proceed with the duty required of them in the order made by Judge Timberlake, at the November Term, 1895, to report the evidence heretofore taken on the question as to whether or not the defendant had been allotted lands about which there is, or may be, dispute, as to the title thereto; and to hear and report any new testimony on this matter which

may be offered by the defendant, or any of the parties interested, and their findings of facts. The statement of the case on appeal has contained a great many errors of dates, misplacement of exhibits and errors in names of parties.

It is complicated, further, with the difficulties attendant upon the restoration of the substance of the pleadings, which were lost by fire, and where the record had to be supplied by a reference to a commissioner for that purpose, because of contradictions and inconsistencies between the statement of the defendant and those of the plaintiffs. We think, however, that we have gotten at the bottom of the controversy, and that substantial justice has been done to the parties in the decision which we have made. There was error in the proceedings in the respects pointed out in th s opinion.

Error.