SADIE A. HOLT *et al.* v. R. M. COUCH.

(Decided December 19, 1899.)

*Tenants in Common—Partition—Rents and Profits—Expenses—Insurance, Taxes, Repairs, Improvements— Facts Found by Referee—Betterments.*

1. Facts found by a referee, based upon competent evidence, and confirmed by the court below, are not reviewable.

2. The Code, chap. 10, p. 182, relating to betterments, has no application to tenants in common, but is for the protection of purchasers only of a supposed good title.

3. Equity is effected among tenants in common, either by assigning the improved part of the property to him who makes it, at its value before improvements are made; or if that can not be done, then by a reasonable allowance to the one who has enhanced the value of the property.

4. It is à general rule that where a co-tenant claims an equality of benefit, he must submit to an equality of burden, fairly incurred, in good faith.

5. If property is not susceptible of being divided, the Court will order an account before partition of proceeds of sale is made, and provide for a suitable compensation for improvements.

CIVIL ACTION for a division of rents and profits, consolidated with proceedings for partition by sale of the property, tried before *Timberlake, J.,* at August Term, 1899, of MOORE Superior Court, upon exceptions to report of referee as to rents, profits and expenditures.

The parties were tenants in common of the "Hotel Ozone," at Southern Pines—each owning one-half interest. The sale had been made and approved.

The plaintiffs filed exceptions to the report of referee, which were overruled, and the report confirmed. Plaintiffs appealed.

The case is fully stated in the opinion.

*Messrs. Douglass & Simms,* for appellants.

*Messrs. Black & Adams,* and *W. E. Murchison,* for appellee.

FAIRCLOTH, C. J.   Prior to February, 1891, C. E. Holt and the defendant were tenants in common of the property described in the complaint, situated at Southern Pines, in Moore County, each owning one-half interest therein.   The said owners erected on the lot a building, the lower front part for a store, and the upper story was partially constructed for a boarding house.   C. E. Holt died on February 17, 1891, and the plaintiffs became the owners of his interest in said property, they being non-residents of the State.   After Holt's death the defendant remained in the sole possession and management of the property, and finding the building unattractive and not profitable as a store and boarding house, he made changes, additions, and improvements, and thus converted the building into a more modern hotel, called the "Ozone Hotel."   He paid all expenses, insurance, taxes and repairs, and collected the rents and profits.   It does not appear that the plaintiffs took any active part in the management of the property.

On April 30, 1895, the plaintiffs instituted an action against the defendant for one-half of the rents since the death of C. E. Holt, alleging the annual rental value to be $500.

On November 30, 1895, the plaintiffs filed their petition in the proper court to sell said property for partition.   Subsequently these two actions were by agreement consolidated. An order of sale was made, without prejudice to the rights of either party as to improvements or rents put upon or arising out of said real estate.

At August Term, 1898, the case was referred, to take an

account and pass upon the law and facts, and report, etc. The referee reported on the pleadings and the evidence, the following facts:

"3. That the value of the improvements put upon the property by R. M. Couch, since the death of C. E. Holt, is $938.

"4. That the said improvements were reasonable, neces-sary and advantageous to the property, and were neither authorized nor objected to by the plaintiffs.

"5. That the amount of insurance and taxes paid on said property by the defendant since the death of C. E. Holt, is $971.'

"6. That the average rental value of the premises since the death of said C. E. Holt, is $200 per year."

He, then, as matter of law, concludes that the defendant be charged with one-half the rental value, to-wit, $850, and credited with one-half of the value of the improvements, to-wit, $469, and with one-half of the amount expended in paying taxes and insurance on the property, to-wit, $485.50, and that there is a balance of $104.50 due the defendant by the plaintiffs on said account.

This report was confirmed by the Court, and judgment entered accordingly, from which the plaintiffs appealed.

The plaintiffs except to each item of the account and to the findings of fact and legal conclusions of the referee. When the facts are found by the referee, if based upon com-petent evidence, although conflicting, as we find to be the case in this instance, such findings are not reviewable by this Court. Taking, then, the facts as reported, his legal con-clusions are correct.

The plaintiffs, by their exceptions, do not pointedly present the legal propositions relied on by their counsel in his argu-ment, but we consider them according to his contention. They are:

1. That a cotenant, except by consent, has no right to make improvements by additions, change in the structure, etc., as distinguished from repairs, etc., for preservation of the property.

2. That in no event, except by consent, can a cotenant in sole possession, expend more than the rents and income of the property, and charge his cotenants therewith, because that would put it in his power by recklessness to impair the value or indirectly dispose of the value of his cotenants' interest, presumably for his own benefit.

To avoid confusion, we may here state that The Code, chap. 10, p. 182, on close examination, has no application to tenants in common. That provision is for the protection of a purchaser of land, who makes lasting improvements under the belief that he had a good title. After judgment is entered against him for the land, he may as herein provided have an allowance for the improvements, usually called *betterments*.

As we decide to affirm the judgment, we will examine the plaintiff's authorities to support his proposition. They rely on *Norton v. Sledge,* 29 Ala., 478, 498. This was a bill for partition. Sledge and George H. Horton were tenants in common, and George Horton was trustee of the interest of his son George H. The trustee expended on the property more than the rents and income, and the excess was not allowed him when the partition was closed. The Court remarked: "George Horton can in no event be entitled to compensation for improvements made beyond the rents charged against him," for the reason that "in the partition, George Horton (trustee) has no direct and immediate interest, but he has an indirect interest." This does not apply, owing to a different state of facts, the trustee claiming compensation out of the property in which he had no interest.

*Field v. Leiter,* 117 Ill., 341: The Court held that,

"One tenant in common may rightfully insist that the other shall contribute his proportional share for the preservation of the joint property, but he can not insist that he shall enter upon new investments to be paid for from the joint property or out of other funds belonging to him *against his judgment and inclination.*" This case will not fit, as the expenditures in the case we have were not made against the "judgment and inclination" of the plaintiffs.

*Elrod v. Ketter,* 89 Ind., 382: "Where improvements thus made affect the entire property, compensation will not be made upon partition, unless the improvements were *necessary* or *useful* to the enjoyment of the estate      *      *      * .or were made under such circumstances as create an *equitable claim.*" This seems to be an authority in favor of the defendant, as the referee finds that the improvements "were reasonable, necessary and advantageous to the property."

*Taylor v. Baldwin,* 10 Barb., 582, (in 1850): "It does not appear well settled in this country      *      *      *      that one tenant in common, without any contract, can make necessary repairs upon the property and charge his cotenant in an *action* for the amount." There is no question of that kind here before us.

*Israel v. Israel,* 30 Maryland, 120: "A tenant in common, occupying the common property, will not be allowed for expenses which were incurred *not* for the preservation of the property, but rather to gratify his taste and contribute to his convenience." We probably would agree to that proposition upon the same state of facts. It was, however, an action for "use and occupation." There seems to be no ground to doubt that the common property is liable for its taxes, and the tenant who pays them "will have a lien upon the common property to secure such reimbursement." 11 Am. and Eng. Enc., 1109.

HOLT v. COUCH.

The plaintiffs except to the insurance item in the defendant's account. It is not distinctly stated whether the insurance was taken for the whole property or for the defendant's interest in it. The only evidence is this:

Question. "Mr. Couch, why was it you insured that building alone for $3,000, when you stated that it was not worth any rent at all?" Answer. "It was what money I had put in it, in case it was burned."

Question. "So you were going to collect from the insurance company even if it was not worth anything?" Answer. "The insurance company did not consider the rents. I left it with the agent."

The inference is that the insurance covered the whole property unless there was contrary evidence. No point was made about it in the evidence, and it was upon the plaintiff to rebut the reasonable inference, if it was not correct.

The object of a court of equity is to arrive at a just conclusion in every case, and among tenants in common it may be done either by assigning the improved part of the property to him who makes it, at its value before the improvement is made, or, if that can not be done, then by a reasonable allowance to the one who has enhanced the value of the property. This is well expressed in 1 Story's Eq. Jurisprudence, sec. 656b: "In suits in equity also for partition, various other equitable rights and claims and adjustments will be made, which are beyond the reach of courts of law. Thus, if improvements have been made by one tenant in common, a suitable compensation will be made him upon the partition, or the property on which the improvements have been made assigned to him. So courts of equity will not only take care that the parties have an equal share and just compensation, but they will assign to the parties respectively such parts of the estate as would best accomodate them and be of most value

to them, with reference to their respective situations in relation to the property before the partition. For in all cases of partition, a court of equity does not act merely in a ministerial character, and in obedience to the call of the parties who have a right to the partition, but it founds itself upon its general jurisdiction as a court of equity, and administers its relief *ex aequo et bono* according to its own notions of general justice and equity between the parties." This Court has made similar rulings in *Pope v. Whitehead,* 68 N. C., 191, and in *Collett v. Henderson,* 80 N. C., 337.

It is a general rule that where a cotenant claims an equality of benefit he must submit to an equality of burden, and if the loss results from error in judgment or carelessness of the one in charge of the property, it will still fall upon both equally. If, however, the loss is caused by positive wrong or a nuisance, then the wrongdoer must alone bear the loss. In all such instances, good faith is always required. 11 Am. and Eng. Enc., 1107. If the property is not susceptible of being divided, then the Court will order an account before partition is made, and provide for a suitable compensation for the improvements. 17 Am. and Eng. Enc., 758n; *Reed v. Reed,* 68 Me., 568. Other authorities are accessible, but these are deemed sufficient.

Turning then to the case at bar, we discover from a review of the record that the common property was of small value at the time the improvements commenced; that the defendant in the exercise of his honest judgment conceived the purpose of making a change in the building suited to local conditions, and that the plaintiffs gave no attention to their property for several years, and tacitly allowed the defendant to manage it as he deemed best, and finally demanded by action, full rents for the improved condition of the property, and no suggestion of bad faith or positive wrongful conduct on the part of the

defendant is made.   It appears in a general way that disappointment and loss took place by reason of fluctuations in values at Southern Pines, as a health and pleasure resort.   It does not appear that the defendant has abused the confidence of his cotenants, or his position in relation to the property. He bears half of the depreciation in the value of the property, and the account stated by the referee shows only a small difference in his favor.

Upon the foregoing view of the case, we see no error in the record.

Affirmed.

DOUGLAS, J., concurring in result.   While concurring in the judgment of the Court, I must dissent from its opinion, if it intends to hold that a tenant in common can, without the consent of his cotenants, put substantial improvements upon the common property, and thus obtain a lien thereon for the value of his improvements.   This would permit him in its logical result to *improve* his co-owners entirely out of their own property.   If this be the rule sought to be established, in my opinion, it would not only be contrary to the current of authority, but capable of very great abuse.   A covenant has no right to control the property of others contrary to their will. If he wishes to improve the common property, he can very easily communicate with the other owners.   If they consented, they would be equally bound, and perhaps if they did not object, they might be held to have acquiesced.   It would impose no hardship upon him to require him to drop them a postal card, while it would impose very great hardship upon them to permit him to incumber the common property at his own pleasure without the consent or even knowledge of the co-owners.   Such a ruling was not necessary to the decision of this case.   The defendant is entitled to reimbursement for

SOUTHPORT *v.* STANLY.

taxes, and perhaps for insurance, either of which would be greater than the small balance of rents left after deducting the value of his improvements. In this way, the judgment can be sustained, and full justice done to the defendant without overturning or ignoring any of the well-established principles of equity. I therefore concur in the judgment of the Court, but respectfully dissent from its opinion as written.