SIDNEY DANIEL v. E. S. DIXON ET AL.

(Filed 1 October, 1913.)

1. Tenants in Common—Betterment.

Where one of two tenants in common is entitled against the
other to betterments on lands thus held, the betterments increase
the value of the lands as a whole and thus inure one-half of
their value to the benefit of the one claiming them. Hence, when
the value of such betterments have been adjudged at $700, the
claimant is only entitled to recover $350 therefor.

2. Same—Rents and Profits.

The plaintiff in this action was held entitled to undivided
half interest in lands, which are still held in common by both
parties to the action. It had been also judicially determined
that the defendant was entitled to a certain sum paid by him
for the cancellation of a mortgage on the lands, and a certain
further sum paid by him for betterments; and that he is charge-
able with the rents and profits while the lands were in his pos-

session and exclusive enjoyment: *Held*, judgment should be rendered charging the plaintiff a sum equaling one-half of the moneys paid by the defendant in canceling the mortgage and for betterments, and charging the defendant with one-half of the ascertained value of the rents.

3. **Ejectment—Undivided Interest—Betterments—Interpretation of Statutes.**

An action to recover an undivided interest in lands is in effect a proceeding in ejectment wherein betterments may be assessed. Revisal, sec. 652.

4. **Tenants in Common—Betterments.**

A tenant in common, irrespective of the statute, Revisal, sec. 652, is entitled to recover against his cotenant for betterments he has placed upon the land.

APPEAL by plaintiff from *O. H. Allen, J.*, at May Term, 1913, of PITT.

*Julius Brown and H. S. Ward for plaintiff.*
*T. J. Jarvis and Harry Skinner for defendants.*

CLARK, C. J. This was an action to set aside and annul certain deeds. There was verdict and judgment in favor of the plaintiff, and the judgment was affirmed in this case, 161 N. C., 377. The defendants then filed their petition, under Revisal, 652, for betterments. The jury found that the defendants "had good reason to believe, and did believe, that at the time they were making improvements on the land they had a good title thereto," and that "the premises had been enhanced in value at this time by reason of said improvements $700."

The only point presented is as to the correctness of the judgment. The court signed judgment against the plaintiff for $700 betterments without any deductions for rents and profits adjudged to the plaintiff in a former trial, which the law provides shall be deducted, and without regard to the fact that the plaintiff and the *feme* defendant are still tenants in common, and that the *feme* defendant will get the benefit of the improvements equally with the plaintiff. To charge the plaintiff with the whole of the added value would be contrary to law and natural justice as well.

Where there is a partition of property, the party making betterments is entitled to have the part improved by him allotted in his share, in which case he recovers nothing for the betterments which he has placed upon the property which has thus become his own. *Pope v. Whitehead,* 68 N. C., 191; *Collett v. Henderson,* 80 N. C., 337; *Holt v. Couch,* 125 N. C., 456. But in the present case there is no partition, and one-half of the added value of $700 placed upon the whole property by reason of the betterments inures to the benefit of the defendants whose half interest in the property is increased $350, and they are entitled to recover from the plaintiff only the added value of $350 which by reason of the improvements will enhance the plaintiff's interest in the property. In putting $700 in added value on the property, they have spent $350 for their own benefit and $350 for the benefit of the plaintiff.

There was a former judgment in this case at November Term, 1912, which was affirmed, 161 N. C., 377, which adjudged that the plaintiff was entitled to one-half interest in the land described in the pleadings, charged, however, with the payment of one-half of $771.88, which the defendants had disbursed in paying off a mortgage on the property, less one-half the rental value of the property while in the hands of the defendant, the jury having found the average rental value to be $150 per year.

The plaintiff tendered a judgment charging himself with one-half of said $771.88, with interest, and for $350, one-half of said betterments, and charging the defendants with one-half of the rents and profits, with interest. By this calculation the defendants would recover of the plaintiff $184.39. This calculation and adjustment is correct, and the court should have signed the judgment tendered by the plaintiff. The latest case on the subject of betterments is *Whitfield v. Boyd,* 158 N. C., 451, which was, like this, a recovery of an undivided interest in land, and the Court held that it was in effect a proceeding in ejectment, and that betterments could be assessed.

We cannot, however, agree with the contention of the plaintiff, that betterments are only allowed, under the statute, in ejectment. There is no such restriction therein. Indeed, if no peti-

tion for betterments had been filed, it is generally recognized that when tenants in common have partition they are entitled to lands on which they have made improvements assigned to them without credit for the improvements placed thereon. *Pope v. Whitehead,* 68 N. C., 191. This can be done when there is actual partition; but when there is no partition, or there is a sale for partition, the added improvement goes to swell the value of the whole tract, and the defendants here can only recover, as above stated, their one-half of the betterment which was for the benefit of the plaintiff, deducting therefrom the balance due by them to the plaintiff in accordance with the judgment of November Term, 1912.

The amount of rents set off against the claim for betterments does not exceed those accruing within three years before the beginning of this action. The other rents and profits were set off against the lien paid off by the defendants, an adjustment decreed by the judgment of November Term, 1912.

The judgment should be set aside and a new judgment entered in the court below in accordance with this opinion.

Reversed.