J. G. LAYTON AND WIFE, MAUDE C. LAYTON, v. JOHN P. BYRD AND WIFE, BETTIE BYRD, G. M. TILGHMAN, AND E. F. YOUNG, TRUSTEE.

(Filed 12 March, 1930.)

1. **Improvements A a—Mortgagor has neither statutory nor equitable right to improvements as against mortgagee.**

   While C. S., ch. 12, Art. 29, does not apply to tenants in common or mortgagors and mortgagees, yet upon equitable principles a tenant in common placing improvements upon the property is entitled to have the part so improved allotted to him in partition and its value assessed as if no improvements had been made if this can be done without prejudice to the interests of his cotenants, but this equitable principle does not apply as between mortgagor and mortgagee.

2. **Mortgages C d—Improvements by mortgagor or his grantee are subject to the mortgage lien.**

   Where a party buys the interests of all the tenants in common in lands and becomes the sole owner thereof, and places improvements upon the land, such improvements are subject equally with the land itself to the lien of a registered mortgage placed upon the land by one of the tenants in common prior to the conveyance, and the improvements inure to the benefit of the mortgagee and to the purchaser at the foreclosure sale, and ignorance of the grantee of the tenants in common of the prior, registered mortgage does not affect the rights of the parties, the registered mortgage being notice not only of the existence of the mortgage, but also of all it contained.

APPEAL by plaintiffs from *Lyon, J.,* at September Term, 1929, of HARNETT. Error.

Plaintiffs filed a petition for partition before the clerk alleging that J. G. Layton and John P. Byrd are tenants in common of a tract of land in which Layton owns a one-third undivided interest and Byrd a two-thirds undivided interest.

The facts are substantially as follows: Prior to 1917 R. L. Godwin, B. Fleishman, and Hyman Fleishman owned this land as tenants in common, each having a one-third undivided interest. On 1 January, 1917, R. L. Godwin and his wife executed and delivered to G. M. Tilghman a mortgage conveying his one-third undivided interest in this tract, together with other land, to secure an indebtedness of $6,000. The mortgage was registered 15 January, 1917. On 17 October, 1919, R. L. Godwin, Hyman Fleishman, B. Fleishman, and their wives, conveyed their interest to John P. Byrd, who thereafter put valuable improvements on the land. Godwin conveyed to Byrd an equity of redemption. Byrd did not assume payment of Godwin's indebtedness to Tilghman and had no actual knowledge of the Godwin mortgage until after he had made the alleged improvements. Pursuant to an order of the Superior Court the mortgage executed by Godwin was foreclosed, and on 18 January, 1929, the commissioner who made the sale conveyed to Layton the one-third undivided interest formerly owned by Godwin. Layton then executed a deed of trust on the land to E. F. Young, trustee, to secure a note for $3,900 due Tilghman. All the improvements on the land were made by Byrd after the registration of the Godwin mortgage and prior to 18 January, 1929, and consisted of clearings and tenant houses. Layton had no information as to the improvements until after the date of his purchase of the mortgaged premises. Byrd is left in full possession of a two-thirds undivided interest in the land, but under the foreclosure has been ousted of any right or title dependent upon the title of Godwin.

The clerk made an order that Byrd is entitled to the present worth of the improvements as his individual property and that the commissioners who divide the land shall award to Layton one-third in value of the land adjudged in its unimproved condition and to Byrd two-thirds in value in its unimproved condition, and that Byrd be awarded such additional share as will equal the present enhanced value of such property growing out of the improvements, and that if the commissioners are unable to make actual partition so as to effect this purpose, they shall, by the charge of owelty, provide for the partition in accordance with the order. Commissioners were appointed and the cause was retained.

Plaintiffs excepted and appealed from the order of the clerk and the order was affirmed by the Superior Court. The plaintiffs excepted and appealed upon assigned error.

*Clifford & Williams for plaintiffs.*
*Charles Ross for defendants.*

ADAMS, J. The appeal brings up for review that part of the judgment which allows "betterments on account of improvements alleged to have been made by John P. Byrd on the lands described in the petition." We understand this to be merely an allowance for improvements and not for statutory betterments, because all parties admit that the matters in controversy must be determined by the application of equitable principles without regard to the law of betterments prescribed in C. S., ch. 12, Art. 29. In fact section 710 declares that nothing in this article applies to any suit brought by a mortgagee or his heirs or assigns against a mortgagor or his heirs or assigns for the recovery of the mortgaged premises; and it has been held that this section does not apply to tenants in common. *Pope v. Whitehead,* 68 N. C., 191; *Holt v. Couch,* 125 N. C., 456. In *Wharton v. Moore,* 84 N. C., 479, *Ashe, J.,* assigned as the probable reason for enacting section 710 the admitted principle that the right to betterments is not conceded to mortgagors, and this statement of the law was approved in *Belvin v. Raleigh Paper Co.,* 123 N. C., 138, 143.

The clerk's judgment, which was affirmed by the judge on appeal, gave to J. G. Layton one-third in value of the land in its unimproved condition that is, one-third in value as if the partition had been made before the land was enhanced by the improvements. It is particularly this part of the judgment which the appellants assail.

Our decisions have uniformly maintained the principle that if one tenant in common makes improvements upon the common property he will be entitled upon partition to have that part of the property which he has improved allotted to him and its value assessed as if no improvements had been made, if this can be done without prejudice to the interest of his cotenants. *Pope v. Whitehead, supra; Collett v. Henderson,* 80 N. C., 337; *Cox v. Ward,* 107 N. C., 507; *Pipkin v. Pipkin,* 120 N. C., 161, in which the word "not" seems to have been inadvertently inserted. *Daniel v. Dixon,* 163 N. C., 137. This is a right which rests upon equitable principles and one which was recognized as such before the law of betterments (P. L., 1871-72, ch. 147) was enacted. *Jones v. Carland,* 55 N. C., 502; *Pope v. Whitehead, supra.*

But this equity has no application to the facts set out in the judgment. It is important to remember that Godwin's mortgage to Tilghman was registered on 15 January, 1917, and that Byrd acquired the title of all the tenants in common (Godwin, H. Fleishman, and B. Fleishman) on 17 October, 1919. Byrd made the improvements on the land after he had received their deed and had succeeded to their rights. At this time he was the sole owner of the land, subject to the lien of the mortgage. There was no co-owner against whom he could assert the equity on which he now relies. He and the mortgagee were not tenants

in common. The mortgage was a conveyance by Godwin of the legal title to his interest in the land as a security for the debt. *Robinson v. Willoughby,* 65 N. C., 520; *Stevens v. Turlington,* 186 N. C., 191. The mortgagor continued to be the owner of his interest in the land until he conveyed it to Byrd. *Killebrew v. Hines,* 104 N. C., 182, 190. Since by virtue of C. S., 710, *supra,* the statutes relating to betterments cannot avail the defendants, it becomes necessary to decide whether the judgment can be upheld on any other equitable principle.

The judgment recites as a finding of fact that Layton had no information that improvements had been made until after he had purchased the mortgaged interest in the land; and upon this finding Byrd makes the contention that Layton has no equity because he was not misled when he purchased the land at the sale under foreclosure and that he took only such title as Godwin had before the land was improved. Byrd further contends that the mortgagee in this case did not acquire a right to the improvements put upon the mortgaged premises because Byrd did not assume the payment of Godwin's debt and because the mortgagee could not have obtained a deficiency judgment against Byrd. Why, then, it is asked, should Layton be permitted to enhance his bargain by adding to Godwin's interest one-third in value of Byrd's improvements?

In 1 Jones on Mortgages (7 ed.), sec. 147, the author says: "The lien of a mortgage extends to all improvements and repairs subsequently made upon the mortgaged premises, whether made by the mortgagor or by a purchaser from him without actual notice of the existence of the mortgage." This statement of the law is upheld in a number of decisions by other courts. *Martin v. Beatty,* 54 Ill., 100, was a suit in chancery to foreclose a mortgage, the question being whether a mortgagor or his grantee could enforce as a lien prior to that of the mortgagee the amount expended by the grantee for improvements made on the property after the execution of the mortgage. It was held that neither the mortgagor nor his grantee could expend money on the mortgaged property to the detriment of the mortgagee. In *Insurance Co. v. Huntington,* 57 Kan., 744, the Court said: "It is well settled that permanent accessions to a freehold, whether placed there by the mortgagor or one claiming under him, are regarded as a part of the mortgaged property and become additional security for the mortgage debt." The Supreme Court of the State of New York has held that when lands sold and conveyed by a mortgagor are charged with the mortgage debt, improvements that constitute a part of the realty, irrespective of the question by whom they are made, are subject to the lien of the mortgage equally with the land which is thus improved. *Rice v. Dewey,* 54 Bar., 455. The conclusion is adhered to in the later case of *Gibson v. Am. Loan & Trust Co.,* 58 Hun., 443, in which several supporting cases are cited. In *Childs v.*

*Dolan,* 5 Allen (Mass.), 319, it appeared that the demandant or plaintiff claimed title to premises sold under a mortgage. The mortgagor conveyed a part of the mortgaged premises to a tenant who claimed an allowance for improvements made by her after she had received the mortgagor's title which she had reason to believe good. The Supreme Judicial Court held that her claim for improvements was properly rejected because it did not exist against the mortgagee or those claiming under him, in favor of the tenant who had possession of the land as owner of the equity. The Supreme Court of Missouri made a similar decision in *Ivy v. Yancey,* 31 S. W., 937, saying that unless provision is made in the mortgage for an allowance for improvements, all improvements in case of foreclosure will inure to the benefit of the mortgagee or the purchaser at the foreclosure sale. It is therefore immaterial whether or not Byrd assumed the payment of Godwin's debt.

These cases lead to the conclusion that improvements put upon mortgaged land by the mortgagor or his grantee are subject equally with the land itself to the lien of the mortgage, and inure to the benefit of the mortgagee and in case of foreclosure to the benefit of the purchaser under the mortgage. Byrd's ignorance of the Godwin mortgage cannot benefit him because the recorded mortgage was notice to all subsequent purchasers from the mortgagor, not only of the existence of the mortgage, but of all it contained. *Wharton v. Moore, supra; Scott v. Battle,* 85 N. C., 185, 193; *Eaton v. Doub,* 190 N. C., 14. Nor can he profit by Layton's ignorance of the improvements. Immediately after receiving his deed Layton executed a deed of trust on the interest he had purchased to secure payment of the purchase money. If the lien on the improvements attaches in like manner with the lien on the land, as we have shown, Layton's want of information could not affect the rights of the trustee or modify the application of the principle. But we rest our decision on the proposition that the lien of the Godwin mortgage attached to the improvements made by Byrd just as it attached to Godwin's interest in the land and that the foreclosure of the mortgage lien passed title to the mortgaged interest and to the attaching improvements.

There was error in adjudging that the land be divided in its unimproved condition without reference to the improvements. The judgment will be modified so as to conform to this opinion.

Error.