J. P. JENKINS v. CARRIE STRICKLAND AND VULAH MAY.

(Filed 23 November, 1938.)

1. Partition § 3: Betterments § 7—

Upon general principles of equity, recognized even prior to the enactment of C. S., 699-710, a tenant in common making improvements is entitled to have allotted to her in an actual partition the part of the property improved, and its value assessed as if no improvements had been made.

**2. Mortgages § 15: Betterments § 5—**

Improvements placed on the land by a mortgagor become additional security for the debt, and the mortgage covers all improvements to which the mortgagor would have been entitled had the mortgage not been executed, but not those to which the mortgagor would not have been entitled.

**3. Same—Where tenant making improvements owns encumbered and unencumbered interests she is entitled to improvements as to unencumbered interest.**

S. owned an undivided one-sixth interest in the *locus in quo* by inheritance as tenant in common with the five other heirs. Three of the other tenants conveyed their interests to her husband, and a fourth conveyed his interest to her and her husband as tenants by the entirety. S. and her husband thereafter mortgaged the two-thirds undivided interest purchased from the other heirs, leaving S.'s share by inheritance and the share of another heir unencumbered. After the death of her husband, S. made improvements on the land. The mortgage was thereafter foreclosed and the property subject thereto purchased at the sale by plaintiff. *Held:* At the time S. made the improvements she owned the share which descended to her unencumbered, and another share by survivorship subject to the mortgage, with dower interest in the interests held by her husband individually, and upon partition of the property she is entitled to have her one-sixth interest by inheritance allotted to her with the improvements and assessed as though the improvements had not been made as against plaintiff, purchaser at the sale, and the remaining heir, but subject, however, to a charge of one-sixth of the value of the improvements in favor of plaintiff, since at the time of making the improvements plaintiff was mortgagor with her husband as to the one-sixth interest held by them by the entirety.

**4. Costs § 3—**

Where it is determined on appeal to the Supreme Court that claimant is entitled to improvements claimed in partition proceedings, claimant is not to be taxed with the costs of trial in the Superior Court involving her claim. C. S., 1225.

APPEAL by defendant Carrie Strickland from *Thompson, J.,* at September Term, 1938, of FRANKLIN.

Special proceeding for partition of land.

The facts are substantially these: Upon the death of Shemuel McGhee, seized and possessed of the land in question situate in Franklin County, North Carolina, title thereto descended to his six children: C. C. McGhee, Ira McGhee, Fonnie McGhee, H. F. McGhee, and the defendants, Carrie Strickland and Vulah May. C. C. McGhee, Ira McGhee and Fonnie McGhee conveyed their three-sixths undivided interests in said land to H. L. Strickland, the husband of the defendant Carrie Strickland, and H. F. McGhee conveyed his one-sixth undivided interest to H. L. Strickland and wife, Carrie Strickland, as tenants by entirety. The defendants each now own the said interest each inherited as above stated.

On 8 February, 1928, H. L. Strickland and wife, Carrie Strickland, for the purpose of securing a note due to the Citizens and Commercial Bank of Franklinton, North Carolina, executed and delivered a deed of trust to W. L. Lumpkin, trustee, conveying two-thirds undivided interest in the land in question, which two-thirds interest was specifically described as being the shares purchased by H. L. Strickland and wife, Carrie Strickland, from C. C. McGhee, Ira McGhee, Fonnie McGhee and H. F. McGhee, four children of the late Shemuel McGhee. H. L. Strickland died 13 February, 1932, leaving surviving his widow, the defendant, Carrie Strickland, and children as his heirs at law. Thereafter, on 7 May, 1937, at foreclosure sale by W. L. Lumpkin, trustee, under said deed of trust, the plaintiff became the purchaser, and the trustee executed deed to him conveying the said two-thirds undivided interest in said land.

Plaintiff petitions for partition, and that defendant Carrie Strickland account to him for rents for year 1937. The defendant Carrie Strickland, who has been in possession of the land since the death of her husband, avers that she has made valuable improvements upon the land and prays that, upon partition, same should be taken into consideration. Plaintiff denies her right thereto.

The cause was transferred to the civil issue docket for trial, and was tried upon these issues, which were answered by the jury as follows:

"1. Did Mrs. Strickland, the defendant, make any permanent improvements on the land in question subsequent to the death of her husband, H. L. Strickland, on 13 February, 1932, and prior to the mortgage sale to plaintiff on 7 May, 1937? Answer: 'Yes.'

"2. How much, if any, was the value of the property substantially enhanced by such improvements? Answer: '$675.00.'

"3. What is the annual rental value of said property? Answer: '$100.00.'"

Upon verdict, defendant Carrie Strickland tendered judgment adjudging in part that, upon actual partition, she be allotted land of the value of $675, and one-sixth in value of the remaining lands, and that lien thereon be declared in favor of plaintiff in the sum of $110.94 for his share of rents and profits for years 1937 and 1938. The court declined to sign the same. Exception.

Thereupon the said defendant tendered judgment declaring in part that she be allotted land equal to one-sixth in value of the whole tract, and that the part so allotted to her include that part of the land which she has improved, assessing its value as if no improvements had been made. The court declined to sign same. Exception.

The court signed judgment remanding the cause to the clerk of the Superior Court of Franklin County and directing that the said clerk

appoint three commissioners to divide the land among the tenants in common, allotting to plaintiff four-sixths in value as improved and to defendants Carrie Strickland and Vulah May, each, one-sixth in value, and that J. P. Jenkins recover of the defendant Carrie Strickland the sum of $110.94 for rents and profits, and of the defendants the costs incurred in the trial of the cause in the Superior Court. Defendant Carrie Strickland appeals therefrom to the Supreme Court, and assigns error.

 *White & Malone for plaintiff, appellee.*
 *Edward F. Griffin and Yarborough & Yarborough for defendant, appellant.*

 WINBORNE, J. (1) Is defendant Carrie Strickland, upon the facts presented in the record on this appeal, entitled to have her share so allotted as to include the part on which she has made improvements, valuing it as if no improvements had been made? (2) Is there error in taxing defendants with cost of trial in Superior Court? These questions are determinative of this appeal, and must be answered in the affirmative.

 (1) If one tenant in common makes improvements upon the common property he will be entitled, upon actual partition, to have that part of the property which he has improved allotted and assigned to him, and its value assessed as if no improvements had been made, if this can be done without prejudice to the interests of his cotenants. This equitable principle has been applied and is well established in the decisions of our Court. *Pope v. Whitehead,* 68 N. C., 191; *Collett v. Henderson,* 80 N. C., 337; *Simmons v. Foscue,* 81 N. C., 86; *Cox v. Ward,* 107 N. C., 507, 12 S. E., 379; *Pipkin v. Pipkin,* 120 N. C., 161, 26 S. E., 697; *Holt v. Couch,* 125 N. C., 456, 34 S. E., 703; *Daniel v. Dixon,* 163 N. C., 137, 79 S. E., 425; *Fisher v. Toxaway,* 171 N. C., 547, 88 S. E., 887; *Layton v. Byrd,* 198 N. C., 466, 152 S. E., 161; *Daniel v. Power Co.,* 204 N. C., 274, 168 S. E., 217.

 This right was recognized before the enactment of the statute relating to betterments (Public Laws 1871-72, ch. 147; C. S., 699-710), and is not based upon it, but rests upon general principles of equity. *Jones v. Carland,* 55 N. C., 502; *Pope v. Whitehead, supra; Holt v. Couch, supra; Layton v. Byrd, supra.*

 While it is conceded that this principle is too well imbedded in our law to admit of debate, appellee contends that it is not here applicable for that at the time the improvements were made by the defendant Carrie Strickland the relationship of mortgagor and mortgagee existed between her and the trustee under whom he claims, and that the right

for claim for betterments is not conceded to mortgagors as against mortgagees. He relies upon the cases of *Wharton v. Moore,* 84 N. C., 479; *Belvin v. Paper Co.,* 123 N. C., 138, 31 S. E., 655; *Layton v. Byrd, supra.*

These cases enunciate the well settled principle that if a mortgagor, or anyone standing in his place, enhances the value of the mortgaged premises by improvements, they become additional security for the debt, and the mortgagor can only claim the surplus, if any, upon the mortgage sale being made, after satisfying the debt. *Brown v. Land Bank,* 213 N. C., 594, 197 S. E., 140.

In *Belvin v. Paper Co., supra,* it is said: "The general rule is that whatever improvements a mortgagor puts upon the mortgaged property inures to the benefit of the mortgagee, or, more clearly speaking, is additional security for the debt. But *this is upon the idea that the mortgagor is at least the equitable owner of the fee in the land;* that he is entitled to the legal as well as equitable title upon the payment of the debt, and that such improvements are *his* and are made for *his* benefit, and that they increase the value of *his* property." (Italics ours.)

The first headnote epitomizes the holding of the Court in the *Belvin case, supra,* in this language: "A mortgagee is entitled to everything conveyed that belonged to the mortgagor at the time, and to any improvements placed upon the property since that time, that the mortgagor would be entitled to if the property had not been mortgaged; but the mortgagee is not entitled to improvements that the mortgagor would not have been entitled to if the property had not been mortgaged."

Applying this principle, what then would have been the right of Carrie Strickland, upon partition proceeding, with respect to the improvements placed by her on the common property, if there were no lien of deed of trust?

In considering this question it is important to note the status of the title after the death of H. L. Strickland when the improvements were made. Upon his death the three-sixths undivided interest which he owned individually descended to his children, *Morton v. Lumber Co.,* 178 N. C., 163, 100 S. E., 322, subject to the right of dower of his widow, Carrie Strickland—all subject to the lien of the deed of trust; and the one-sixth undivided interest held by him and his wife, Carrie Strickland, by entirety, vested in her by survivorship, subject also to the lien of the deed of trust. At that time Carrie Strickland and Vulah May each owned, unencumbered, the one-sixth inherited by them from their father.

If, then, there were no deed of trust, Carrie Strickland, under the well settled equitable principle, would have the right as against the children

of H. L. Strickland and as against Vulah May, her co-owners, to have allotted to her two-sixths of the land, including the part improved, valued as if no improvements had been made. *Pope v. Whitehead, supra,* and other cases above cited. But, there being a deed of trust which affected the one-sixth she acquired by survivorship, and of which she was the equitable owner of the fee, she loses her right to improvements to the extent that the improvements made increased its value. *Wharton v. Moore, supra; Belvin v. Paper Co., supra; Layton v. Byrd, supra.* Yet she is entitled to the benefit of improvements in so far as the other three-sixths covered by the deed of trust and the one-sixth owned by her codefendant are concerned. The improvements increased the value of the whole property. The jury having assessed the value of the improvements at $675, the improved part of the land which defendant Carrie Strickland is entitled to have assigned to her is rightly chargeable in favor of the plaintiff with one-sixth of that amount.

Plaintiff insists, however, that the decision in *Layton v. Byrd, supra,* is conclusive of the case in hand and bars any right of defendant Carrie Strickland to compensation for the improvements. An attentive examination of the facts in that case, however, reveals marked difference from the facts here involved. Byrd, after taking title from R. L. Godwin, H. Fleishman and B. Fleishman, tenants in common, when there was an outstanding deed of trust duly registered against the Godwin interest, made improvements upon the land. Layton bought at the sale under foreclosure of this deed of trust. In partition proceeding Byrd demanded allotment of his interest to include the improved portion valued in its unimproved condition. *Adams, J.,* speaking for the Court, said: "Byrd made the improvements on the land after he had received their deed and had succeeded to their rights. At this time he was the sole owner of the land, subject to the lien of the mortgage. There was no co-owner against whom he could assert the equity on which he now relies. He and the mortgagee were not tenants in common." In the instant case, at the time the improvements were made there were co-owners against whom Carrie Strickland could have asserted her equitable right.

(2) The right asserted by Carrie Strickland for the value of improvements being here sustained, she is not to be taxed with the costs of the trial in Superior Court involving her claim. C. S., 1225.

The judgment below will be modified in accordance with this opinion.

Modified and affirmed.