CAROLYN A. CRAVER v. ORVILLE BRUCE CRAVER

No. 7822SC462

(Filed 5 June 1979)

**Tenants in Common § 3— tenant in possession by court order—repairs—cost not apportioned**

> A tenant in common in possession of property by court order who makes repairs to the property may not charge a proportional part of the costs of the repairs to the co-tenant.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 23 January 1978 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 28 February 1979.

The plaintiff filed a complaint in which she alleged that she and defendant owned as tenants in common a certain tract of real estate in Lexington Township of which she has possession pursuant to a judgment for alimony. She alleged further that she has made expenditures in the amount of $14,480.91 on the property which "were reasonably necessary in order to repair, renovate, preserve, protect and rehabilitate said property." She also alleged that she had made demand on the defendant for a contribution of one-half this amount which he had refused. She prayed that she have a judgment against the defendant for one-half the expenditures. The defendant filed an answer in which he admitted the plaintiff's allegations as to the ownership and possession of the property, but denied the plaintiff had made the repairs as alleged. The defendant made a motion for summary judgment and relied solely on the pleadings. Judge Collier granted the defendant's motion.

*Wilson, Biesecker, Tripp and Wall, by Joe E. Biesecker, for plaintiff appellant.*

*Grubb, Penry and Penry, by J. Rodwell Penry, Jr., for defendant appellant.*

WEBB, Judge.

The motion in this case was purportedly made under Rule 56. There is nothing in the record for us to consider except the pleadings. We shall consider the motion as if it were made under

Rule 12(c) for judgment on the pleadings. *See Reichler v. Tillman,* 21 N.C. App. 38, 203 S.E. 2d 68 (1974).

This appeal brings to the Court the question of whether a tenant in common in possession of property by court order may make repairs to the property and charge a proportional part of the costs of the repairs to the co-tenant. This question has not been previously decided in the state. In *Jenkins v. Strickland,* 214 N.C. 441, 199 S.E. 612 (1938), at the time of a sale for partition of real property a co-tenant was allowed the value of the improvements she had placed on the property. In *Holt v. Couch,* 125 N.C. 456, 34 S.E. 703 (1899), a co-tenant was allowed credit in the division of the property for the value of improvements he had made to the property as well as money he had paid to maintain the property. In each of the cases the tenant made the claim at the time of partition and in neither case did the co-tenant have the right to exclusive possession of the property. We do not believe either is precedent for this case. James A. Webster, Jr., in his Real Estate Law in North Carolina, § 109, p. 118 (1971) says:

> "If repairs become necessary to the common property and one co-tenant pays for such necessary repairs which are made to preserve the property, he is entitled to contribution from his fellow co-tenants in a court of equity. While North Carolina is not clear on the point, in most jurisdictions a co-tenant who is in possession of the common property is not entitled to compensation for expenditures made for repairs to the common property while he is in possession. In such cases the value of the possession and enjoyment of the common property is deemed to compensate the repairing co-tenant."

On the facts of this case, we adopt the reasoning of Professor Webster. We hold that the plaintiff is not entitled to compensation for expenditures made for repairs to the common property while she was by law entitled to exclusive possession of the property. The question of what the plaintiff's position would be upon a partition of the property is not before us.

Affirmed.

Judges MARTIN (Robert M.) and MITCHELL concur.