LIFE INSURANCE COMPANY OF VIRGINIA v. DAY.

(November 7, 1900.)

1. *Tax Titles—Trust Deed—Mortgages—Widow—Dower.*

> A widow, having a right of dower in the excess of the proceeds from sale of land under trust deed, is a party in interest, and can not defeat the rights of the *cestui que trustent* or the children of her deceased husband by buying the same at a tax sale.

2. *Mortgages—Taxes—Liens.*

> A mortgagee is not liable for taxes on mortgaged property although his lien is secondary to the lien for taxes.

CIVIL ACTION heard by Judge *Frederick Moore* and a jury, at Spring Term, 1900, of GUILFORD Superior Court. From judgment for plaintiff, the defendant appealed.

*L. M. Scott* and *Scales & Scales,* for defendants.
*Bynum & Bynum,* and *R. D. Douglass,* for plaintiff.

MONTGOMERY, J. This action was brought to recover of the defendant Maria E. Day the possession of real estate. It appears from the record that in 1891 W. A. Day, the husband of the defendant, and who has since died, borrowed of the plaintiff the sum of $900, which was used in the erection of a house upon the land which is the subject of this dispute, and executed, together with the defendant Maria E. Day, a

deed of trust upon the premises to secure the debt. In 1892 W. A. Day and his wife executed a mortgage upon the same property to C. M. Benninghaus to secure a debt of $695.96, due by W. A. Day. In 1893 the trustees in the deed of trust made by the defendants for the plaintiff's benefit advertised the property for sale, default having been made in the payment of the debt secured therein; and upon such advertisement Benninghaus, in May, 1894, brought actions against the plaintiff and Day and wife, in which usury was alleged to have been charged by the plaintiff against Day and his wife, and the sale was enjoined. In a judgment in that action at May Term, 1896, of the Superior Court, the plaintiff's debt was fixed at $657.51 and interest, and that of Benninghaus at $695.96 and interest. The property was ordered to be sold by a commissioner, and the proceeds to be applied, first, towards the payment of the plaintiff's debt; out of the residue Benninghaus was to be paid $695.96 and interest, and, if any surplus should remain, it should be paid to the defendant Maria E. Day and the infant defendants, children of said W. A. Day, as their interests might appear— W. A. Day having died on May 9, 1895. At the first sale of the premises made by the commissioner the defendant Maria E. Day bid off the property, but, having failed to comply with the terms, a second sale was made, at which the plaintiff became the purchaser, and received a deed therefor. The last sale was made in November, 1897, and confirmed at December Term, 1897. On the 6th of May, 1895, a few days before the death of W. A. Day, the property was sold by the city authorities of Greensboro for the taxes due for 1892, 1893 and 1894, at which sale W. B. Steele purchased the property, and received from the proper officer the proper certificate. Steele assigned this certificate to Wharton on the 3d of September, 1896, and on the 11th of December following

Wharton assigned the same to A. G. Nelson for the benefit of the defendant Maria E. Day. There was a sale of the property also by the sheriff of Guilford County for the taxes of 1894 on the 5th of May, 1896, at which Steele bought, received a certificate from the sheriff, and assigned it to Wharton, and by Wharton it was assigned to Nelson for the benefit of Maria E. Day, the defendant. After the time of redemption, deeds were made by the city of Greensboro and by the sheriff of Guilford County to the premises to Nelson, the first dated 11th of December, 1896, and the other the 20th of May, 1897. Nelson and wife, on the 15th of February, 1899, under their covenant to stand seized to the use of Maria E. Day of the premises of the date of his purchase of the certificate from Wharton—11th of December, 1896—conveyed the property to Maria E. Day. The consideration expressed in the deed from Nelson and wife to the defendant Maria E. Day was $66.60, the amount of the taxes, interest, penalties, etc. In the complaint there was an allegation that Nelson and Mrs. Day colluded to bring about the tax sale that Mrs. Day might get title to the property to defraud the plaintiff of its debt, but on the trial the whole of the evidence was to the contrary. Three issues were submitted to the jury, and answered by the jury as appears under the head of each, under the instruction of his Honor to so find if they believed the evidence: "(1) Is the plaintiff the owner and entitled to the possession of the land described in the complaint? Answer. Yes. (2) What is the annual rental value of said land? Answer. $48 per year. (3) What is the amount of the taxes, costs, and penalties paid by the defendant Maria E. Day upon said land? Answer. $138.50."

Upon a review and consideration of the pleadings and verdict and judgment in this case and in that of Benninghaus against Day and others, and of the defendants' prayers for

instruction, and their exceptions to the charge of his Honor in the present case, it is apparent that the only question in the case is, was the defendant Maria E. Day so interested in the property sold, and so situated in regard to it, as that she could be permitted, in respect to the rights of the plaintiff adjudicated at the May Term, 1896, in the suit of Benninghaus against Day and others, to become the fee-simple holder of the property under the tax sales, and thereby defeat the plaintiff of its rights in the property and in the recovery of its debt? We are of the opinion that she can not be allowed, under all the circumstances, to defeat the plaintiff's debt by her purchase at the tax sale through her assignor, and that by her purchase of the certificates and her receiving the deed from Nelson she only relieved the property of the taxes, which in law she was required to do. She was not bound in her husband's lifetime to pay the taxes on the property. It was his duty to have paid them because the property was his individual property. But after the husband's death, and while she was residing on the premises with the children of the deceased husband and herself, and after the decree and judgment of 1896, in which she was recognized as having a right to the surplus after the payment of the judgment lien on the property, she can not be allowed to say she had no interest in the property, and could buy another and independent title through the tax sales. She was in possession with her children. She certainly, as the widow, was entitled to dower in the property, and the children as their father's heirs at law. It might have been that the property was vastly more valuable than the amount of the judgment liens, and in such a case certainly she would not have been allowed, under the circumstances of this case, to have defeated by a tax sale both the interest of the children in the estate and the judgment liens. She was in possession of the property as the

widow of her husband, and entitled to dower in all the lands that her husband owned at any time during the coverture, and her estate in the dower was but the continuance of the estate of her husband. *Love v. McClure,* 99 N. C., 290. And this, notwithstanding she had joined her husband in the execution of the deed of trust and the mortgage, for she still had an interest in the proceeds of the sale of the premises, and was in possession through that claim. We have no direct authorities in our own State on the point, nor have we found any satisfactory ones from elsewhere, but we are satisfied that the law must be as we have declared it. We can not see anything in the contention of the defendant that the plaintiff, through its trustees, was bound in law to pay the taxes on the property. It would certainly have been concluded of its rights and interests in the property if a sale thereof had been made for the taxes, and the property had been bought by an indifferent person; for, as was decided in *Powell v. Sikes,* 119 N. C., 231, the mortgagee's lien is subject to the lien for taxes, and he must pay them if the mortgagor does not, and he is barred by a sale of the land for taxes without notice from the sheriff. But that principle in no way can be fitted to the facts of this case, as we have shown.

No error.