L. H. SMITH ET AL. v. ROSS B. SMITH.

(Filed 22 December, 1908.)

1. **Tenants in Common—Possession by One—Tax Sales—Deeds and Conveyances—Trusts and Trustees.**

   A tenant in common in sole possession assumes an implied obligation to sustain the common interest. When he permits the land to be sold for taxes, without notifying his cotenants, and conveyed by a sheriff's deed to a stranger, and takes a deed from him, he holds as trustee for the cotenancy.

2. **Same—Judgments—Reference.**

   When a tenant in common has wrongfully permitted the lands of the cotenancy to be sold for taxes to a stranger, and acquires his deed from him, it is proper for the court to order, at the suit of his cotenants, that his cotenants be let into possession, and a reference to state an account as to waste and betterments, disbursements for taxes and receipts of rents and profits within three years next before the commencement of the action.

3. **Tenants in Common—Possession by One—Deeds and Conveyances—Tax Sales—Revisal, sec. 2860.**

   Revisal, sec. 2860, authorizing one tenant in common to pay his share of the taxes or to redeem his share of the land after sale for taxes, applies to instances in which all the tenants stand on the same footing in regard to possession, and does not apply when one tenant is in possession for all.

4. **County Commissioners—Deeds and Conveyances—Tax Sale—Certificate—Foreclosure.**

   A deed to land made by the county commissioners for land sold for taxes and bought in by them (in 1899) without foreclosure of the certificate is void.

150—6

ACTION heard by *Guion, J.,* who found the facts by consent, at Spring Term, 1908, of CHEROKEE.

Defendant appealed.

*J. H. Harwood* and *E. B. Norvell* for plaintiffs.
*Dillard & Bell* and *Ben Posey* for defendant.

CLARK, C. J. The plaintiffs and defendant were heirs at law of Charlotte and Henry Smith, and as such inherited the 589 acres of land. The appellant (defendant) was a tenant in common with appellees until the unity of possession was broken by the conveyance of said lands to D. W. Deweese, a stranger, in 1891, by the sheriff, after sale for nonpayment of taxes. The defendant, as one of the tenants in common, resided on the lands and listed them for taxes. His own share was sold with all the other shares, and the whole estate of the "Smith heirs" was transferred to Deweese, the purchaser, who brought a suit against appellant to recover possession of the 589 acres that had been conveyed to him. Thereupon appellant bought the land from Deweese and took deed therefor. The plaintiffs were the two sisters of the defendant and were married.

In 1899 the second tract, of 643 acres, owned by defendant and his sisters in common, was sold for taxes and bought in by the county commissioners, and the defendant subsequently procured a deed from said commissioners to himself. There had been no foreclosure by the county on said certificate.

"Tenants in common by descent are placed in confidential relations to each other by operation of law, as to the joint property, and the same duties are imposed as if a joint trust were created by contract between them or the act of a third party. Being associated in interest as tenants in common, an implied obligation exists to sustain the common interest. The reciprocal obligation will be enforced in equity as a trust. These relations of trust and confidence bind all to put forth their best exertions and to embrace every opportunity to protect and secure their common interest and forbid the assumption of a hostile attitude by either." Freeman on Cotenancy, sec. 151, p. 213; *Tisdale v. Tisdale,* 2 Sneed (Tenn.), 599.

It is a well-settled rule that a person under any legal or moral obligation to pay the taxes cannot by neglecting to pay the same, and allowing the land to be sold in consequence of such neglect, add to or strengthen his title by purchasing at the sale himself or by subsequently buying from a stranger who purchased at the sale; otherwise he would be allowed to gain an advantage from his own fraud or negligence in failing to pay the taxes. Freeman on Cotenancy, sec. 159; *Moss v. Shear,* 25 Cal., 45; *Coppinger v. Rice,* 33 Cal., 408.

In *Dubois v. Campau,* 24 Mich., 370, it is said: "If a cotenant is in possession of the cotenancy using the whole, and a stranger acquires title thereto by a tax sale, the former can never procure such title and assert it against his cotenants, because it was his duty to pay the taxes, and his purchase of the tax title is the mere correction of the wrong which he committed by suffering them to become delinquent. To allow him to assert his purchase to defeat the title of the other owners, under such circumstances, would enable him to take advantage of his own wrong, to the injury of others, and encourage fraud."

Revisal, sec. 2860, it is true, authorized one tenant in common to pay his share of the taxes or to redeem his share of the land after it has been sold for taxes. But that refers to cases where all the tenants are on the same footing, all or none being in possession. It does not authorize one tenant in common to take title for the whole tract, nor does it apply to a case like this, where one tenant was in possession. *Prima facie,* such tenant would be trustee for his cotenants. It was his duty, certainly, to list the land for taxes, as he did. If he had shown, further, that when before sale for taxes notice of sale was served on him, as the law requires (Revisal, sec. 2889), he notified his cotenants, and they failed to attend to the matter, the position of the defendant would be better; but he has shown nothing of the kind, and in the absence of such proof he cannot retain possession against his cotenants. The defendant pleaded the statute of limitations, but nothing less than twenty years is an ouster between tenants in common. *Hicks v. Bullock,* 96 N. C., 164.

A case very much in point is *Insurance Co. v. Day,* 127 N. C., 133, where it was held that a widow having a dower interest

in land and residing thereon could not defeat the interest of the
heirs at law by buying the land at a tax sale; that the effect of
her purchase was no more than to relieve the land of the tax
lien. Here, when the tenant in common residing on the land
allowed it to be sold for taxes and did not redeem it, and showed
no notice to his cotenants, his taking the deed from the pur-
chaser for 589 acres for $70 amounts, at most, to holding it in
trust for all the tenants in common.

The deed from the county commissioners to defendant for
the 643 acres without foreclosure of the certificate was a nullity.
*Wilcox v. Leach,* 123 N. C., 74.

His Honor properly provided in the judgment that the plain-
tiffs, cotenants, be let into possession, and for a reference to
state an account as to any waste and betterments, disbursements
for taxes and receipts of rents and profits within three years
before commencement of this action.

No Error.