MARY E. BAILEY, EVELYN PETERSON SCOTT, PAULINE PETERSON HALTEMAN, AND NEWLAND C. PETERSON v. JESSE HOWELL AND WIFE, TIE HOWELL, AND J. W. HOWELL AND WIFE, LUCRETIA HOWELL.

(Filed 18 March, 1936.)

**1. Taxation H c—**

The statute, C. S., 441 (10), barring an action to set aside a tax deed after three years from the execution of the deed by the sheriff does not apply where the owner remains in possession.

**2. Adverse Possession A f—**

Possession of one tenant in common is the possession of all, and is not adverse to them, until there has been an ouster and adverse holding.

**3. Tenants in Common A c—**

The acquisition of an outstanding adverse title by one tenant in common in possession, including titles based upon tax deeds, inures to the benefit of all the cotenants.

**4. Same—**

The mortgaging of the entire tract by one tenant in common, who remains in possession, does not destroy the tenancy in common, nor does the subsequent foreclosure of the mortgage destroy the interest of the cotenants.

**5. Same: Taxation H e—Tenant in common may not acquire tax title so as to defeat the interests of her cotenants.**

One tenant in common listed the entire tract for taxation in her name. Thereafter the land was sold for taxes and deed made to a stranger, who transferred title back to the tenant a few days thereafter, taking a mortgage in himself, the tenant remaining in possession throughout. *Held:* The reconveyance of the tax title to the tenant in common inured to the benefit of her cotenants, and the tenant's mortgaging of the property did not convey the interest of her cotenants nor destroy the tenancy in common.

**6. Adverse Possession A h—**

A mortgage executed on the entire tract by one tenant in common in possession is not color of title as against the cotenants.

**7. Adverse Possession A f—Possession of tenant in common under whom plaintiff claims held not adverse to cotenants.**

One tenant in common listed the land for taxes in her name and thereafter the land was sold for. taxes and deed executed by the sheriff to defendant, but the sheriff's deed was void as being without authority of law. A few days after execution of the sheriff's deed, defendant reconveyed the land to the tenant in common and took a mortgage back in himself. Thereafter the mortgage was foreclosed and the property bid in by defendant, who transferred the land to a stranger, who reconveyed it back to him. The tenant listing the land for taxes remained in possession of the land throughout. The cotenants instituted partition proceedings and defendant claimed sole seizin, basing his claim of title upon seven years adverse possession under color of title. *Held:* Although a void sheriff's deed constitutes color of title, the tenant in, possession subsequently acquired such title, which inured to the benefit of her cotenants, and defendant may not claim adverse possession thereunder, nor may defendant claim the benefit of the tenant's possession by virtue of her mortgage to him and the subsequent foreclosure and acquisition of title by him, since the mortgage did not convey the cotenants' rights or destroy the tenancy in common or render the tenant's possession adverse to her cotenants, and he acquired upon foreclosure only her interest as a tenant in common.

**8. Taxation H b—**

The title of tenants in common who are not made parties is not affected by a tax foreclosure suit and commissioner's deed executed in pursuance thereof.

APPEAL by plaintiffs from *Harding, J.,* at October-November Term, 1935, of YANCEY. Reversed.

Originally begun as a special proceeding for the partition of .land, upon defendants' plea of sole seizin, the cause was transferred to the civil issue docket for the determination of the issue of title to the land.

The uncontroverted facts were these:

In 1919, by deed, the described land was conveyed to Sarah Peterson and her daughter, Lydia, wife of W. S. Renfro, as tenants in common. Sarah Peterson died in 1925, and her one-half interest in the land descended one-third to her daughter, the plaintiff Mary E. Bailey, one-third to the other plaintiffs, the children of her deceased son, Charles Peterson, and one-third thereof to the said Lydia Renfro. So that thereupon the plaintiff Mary E. Bailey owned one-sixth of the whole, the named children of Charles Peterson one-sixth of the whole, and Lydia Renfro the remaining two-thirds of the whole (one-half under the deed of 1919 and one-sixth by descent from Sarah Peterson). Lydia Renfro has been in possession of said land since the death of Sarah Peterson in 1925.

The land, which was listed in the name of Lydia Renfro, was sold by the sheriff for the nonpayment of taxes 1 September, 1926. The plain-

tiffs were at that time nonresidents, and it is alleged in the petitioners' reply that three of them were under the age of twenty-one years. On 24 August, 1927, within less than one year from the date of tax sale, the sheriff executed a deed for the land to the defendant J. W. Howell. The affidavit required by the statute, C. S., 8029, was not attached to the sheriff's deed.

Defendant J. W. Howell, 9 September, 1927, reconveyed the land to the said Lydia Renfro, and took a mortgage from her back to himself. Subsequently, by deed dated 18 July, 1931, J. W. Howell, mortgagee, executed deed to Jesse Howell for the land, and by deed dated 4 August, 1931, registered 6 March, 1935, Jesse Howell and wife reconveyed to J. W. Howell.

Evidence was offered as to the relationship of the parties, and that Lydia Renfro and her husband had lived on and been in possession of said land since the death of Sarah Peterson in 1925.

This action was begun 27 February, 1935.

At the conclusion of plaintiffs' evidence, defendants' motion for nonsuit was allowed, and from judgment dismissing the action plaintiffs appealed.

*Huskins & Wilson for plaintiffs, appellants.*
*Charles Hutchins and Anglin & Randolph for defendants, appellees.*

DEVIN, J. The defendants seek to sustain the nonsuit on the ground that the plaintiffs are barred by the three-years statute of limitations, C. S., 441 (10), or by seven years adverse possession under color of title.

It is admitted that the sheriff's deed was void. It was not made in conformity with the statutory provisions in effect prior to the Act of 1927. The Act of 1927, ch. 221, which went into effect 9 March, 1927, changed the law as to tax deeds, repealed secs. 8028 to 8037, inclusive, of the Consolidated Statutes, and substituted the remedy by suit for foreclosure of the certificate of tax sale. The sheriff's deed was executed without authority of law.

But even if it be conceded that the statute of limitations is broad enough to bar any proceeding with respect to real property unless instituted within three years next after the execution of the sheriff's deed, the defendants are not in position to invoke its protection under the facts shown by the record in this case. The statute does not apply when the owner continues in possession. *McNair v. Boyd,* 163 N. C., 478; *Jordan v. Simmons,* 169 N. C., 140; *Price v. Slagle,* 189 N. C., 757.

The plaintiffs and Lydia Renfro were admittedly tenants in common up to the time of the execution of sheriff's deed in August, 1927, and the possession of one tenant in common is in law the possession of all (*Purvis v. Wilson,* 50 N. C., 22), until there has been an ouster and adverse holding for twenty years. *Crews v. Crews,* 192 N. C., 679; *Hicks v. Bullock,* 96 N. C., 164.

And the conveyance by the sheriff to Howell and by Howell within a few days back to Lydia Renfro, together with the subsequent passing back and forth of the title, could not change the effect of the continued possession of the land by Lydia Renfro at all times and up to the trial, nor destroy her tenancy in common with plaintiffs. *Smith v. Smith,* 150 N. C., 81. She held in trust for all the tenants in common.

Tenants in common are placed in confidential relations to each other by operation of law as to the joint property. "These relations of trust and confidence bind all to put forth their best exertions, to protect and secure the common interest, and forbid the assumption of a hostile attitude." Freeman on Cotenancy, sec. 151.

"It is a well settled rule that a person under any legal or moral obligation to pay the taxes cannot by neglecting to pay the same, and allowing the land to be sold in consequence of such neglect, add to or strengthen his title by purchasing at the sale himself, or by subsequently buying from a stranger who purchased at the sale; otherwise, he would be allowed to gain an advantage from his own fraud or negligence in failing to pay the taxes." *Smith v. Smith, supra.*

The acquisition of an outstanding adverse title by one of the tenants in common, who is in possession, inures to the benefit of all. And this rule applies to tax sales. Tiffany Real Prop., sec. 201. *Goralski v. Kostuski,* 179 Ill., 177, 20 Am. St. Rep., 98.

The law will not permit Lydia Renfro, one of the tenants in common, as result of a sale of the land for taxes listed by her, to take title to the whole tract to the exclusion of the other tenants in common. As the tenant who was in possession, she occupied a trust relationship with respect to the land for her cotenants.

While an invalid sheriff's deed will ordinarily constitute color of title, the possession of Lydia Renfro was not adverse to the plaintiffs, and the deed to her of an outstanding adverse title inured to the benefit of her cotenants. Nor could defendant J. W. Howell claim the benefit of her possession under her mortgage to him and subsequent foreclosure and deed, for her deed would not convey the interest of the plaintiffs, nor constitute color of title as against them. As was held in *Lumber Co. v. Cedar Works,* 165 N. C., 83: "A deed by one tenant in common of the entire estate is not sufficient to sever the unity of possession by which they are bound together, and does not constitute color of title, as

the grantee of one tenant takes only his share and steps into his shoes. In such case twenty years adverse possession, under claim of sole ownership, is required to bar the entry of the other tenants." *Crews v. Crews, supra.*

Hence, it follows that the plaintiffs' title to an interest in the land has not been divested by seven years adverse possession under color of title, nor has their action been barred by the statute of limitations.

The deed to the defendant J. W. Howell from D. R. Fonts, commissioner, in a tax foreclosure suit by the county commissioner, in October, 1932, could not affect plaintiffs' title, since they were not parties to that action.

It is stipulated in the record that plaintiffs admit that the taxes claimed by the defendants to be due are due, and that they will pay them.

We conclude that defendants were not entitled to have the action dismissed, and that the judgment of nonsuit must be

Reversed.