LILLIE COOKE PEARCE et al. v. N. C. ROWLAND, JR.

(Filed 5 June, 1947.)

**Taxation § 42: Tenants in Common § 7—**

> Respondent, a tenant in common in expectancy in possession of the land, redeemed it from the county after tax foreclosure. There was conflict in the evidence as to whether respondent had promised petitioner, his cotenant, to pay the taxes. Petitioner had knowledge of the tax foreclosure proceedings. This proceeding for partition was instituted some thirteen years after the redemption from tax foreclosure. *Held:* Whether respondent's redemption of the land was for the benefit of petitioner depends upon whether respondent was under any legal or moral obligation to pay the taxes, and this question together with the plea of laches should have been submitted to the jury, and a directed verdict for petitioner must be held for error.

Appeal by respondent from *Thompson, J.,* at September Term, 1946, of Franklin.

Petition for partition. Plea of sole seizin and laches by respondent.

The *locus in quo* is the Nannie Cooke 34-acre tract of land in Franklin County which her mother devised to her subject to her father's life estate. In 1929 the life tenant, W. A. Parrish, conveyed his interest in the property to his son, who kept it for two years, or until the spring of 1931, and "turned it loose" or surrendered it to all who had an interest in it.

Nannie Cooke died intestate leaving her surviving four children, the *feme* petitioner herein and three others. The three conveyed their interests to the respondent during August and September of 1930 for very nominal amounts. Many efforts were made by the respondent to purchase the *feme* petitioner's share, but without avail. After the grantee of the life estate had surrendered his interest, the respondent told the petitioner that a foreclosure proceeding had been brought to sell the land for taxes. Whereupon, the petitioner said to the respondent that as "he was using the land, to go ahead and pay the taxes and use it, and if anything remains, see me." This was the last conversation the *feme* petitioner had with the defendant.

The *feme* petitioner further testified that she received summons "concerning the sale of the land for taxes; that she did not file any answer, because Mr. Rowland promised to pay the taxes."

There was a sale of the land to the county in the tax foreclosure suit. Opportunity was then extended to those interested to redeem the land upon payment of the taxes. This was accepted by respondent on the first Monday in April, 1933, being April 3rd. At that time, "he made a $10.00 deposit on the taxes, thinking Mrs. Pearce would come and pay her part." He did not remember whether he went to see the *feme* peti-

tioner after making the deposit, but he says, "I gave her a good showing in my estimation to come and protect her land if she wanted to."

The respondent finally paid the taxes in full on 4 November, 1933, and received a deed from the county. The deed bears date 19 April. It was registered 4 November.

From directed verdict for petitioners, the respondent appeals, assigning errors.

*G. M. Beam and Yarborough & Yarborough for petitioners, appellees.*
*John F. Matthews for respondent, appellant.*

STACY, C. J. It is admitted that prior to the sale of the land for taxes in 1933, the *feme* petitioner and respondent were vested remaindermen (tenants in common in expectancy) deriving their title and interests —one-fourth and three-fourths respectively—from a common source. *Priddy & Co. v. Sanderford,* 221 N. C., 422, 20 S. E. (2d), 341; 14 Am. Jur., 124. There is some evidence that respondent was in possession of the land when the tax lien was foreclosed.

After sale to Franklin County in the tax foreclosure proceeding, the county extended to the parties in interest an opportunity to redeem the land upon payment of the taxes then due and in arrears. This offer was accepted by the respondent on the first Monday in April, 1933, at which time he "made a $10.00 deposit on the taxes, thinking Mrs. Pearce would come and pay her part." He is not certain whether he went to see her after making the deposit, but he says, "I gave her a good showing in my estimation to come and protect her land if she wanted to." The respondent finally paid the taxes in full on 4 November, 1933, and received a deed from the county, which had theretofore been prepared on 19 April. It is this deed which he says forecloses the *feme* petitioner's interest in the land and gives him sole seizin and exclusive title thereto.

There is a dispute as to whether the respondent was under promise to pay *feme* petitioner's part of the taxes and account to her in rents (*Bailey v. Howell,* 209 N. C., 712, 184 S. E., 476) before the institution of the tax foreclosure proceeding. She testifies that she did not file answer in the proceeding, "because Mr. Rowland promised to pay the taxes."

The respondent felt under some obligation to the *feme* petitioner even after his agreement with the county to redeem the land upon payment of the taxes. *Stell v. Trust Co.,* 223 N. C., 550, 27 S. E. (2d), 524, and cases there cited. He was very grateful to the County Attorney, "thanked him six or seven times, for getting him straightened out so he could get title to it."

The respondent says he has owned the whole of the land in question since 1933, "having purchased three-fourths from the heirs of W. A.

Parrish, and one-fourth from the county." Was the purchase of the one-fourth from the county made for the benefit of the *feme* petitioner? The answer depends upon whether the respondent was under any legal or moral obligation to pay the taxes. *Smith v. Smith*, 150 N. C., 81, 63 S. E., 177. The *feme* petitioner says he was. The respondent says he was not, or that, if he were, he discharged his duty in this respect. The evidence is such as to require the aid of a jury, free to render a verdict in keeping with the facts as it may find them to be under proper instructions from the court.

The plea of laches is also a matter to be considered on the further hearing. *Stell v. Trust Co., supra.*

There was error in directing a verdict for the petitioners.

New trial.